Lizzie Becket, Appellee, v. George Becket, Appellant.

Gen. No. 5,639.

1. HUSBAND AND WIFE—*bill for separate maintenance.* A bill which in stating the ground for separate maintenance charges that defendant deserted complainant without cause and declared that he "would never live with her again," and which is found by the decree to be true, sufficiently alleges that the wife was living separate and apart from her husband and is sufficient to warrant a decree of separation if supported by evidence.

2. HUSBAND AND WIFE—*when articles of separation will not bar suit for separate maintenance.* On an issue in separate maintenance as to whether articles of separation were fairly obtained and fully performed, the agreement set forth the separation and provided for the payment of $100 and a note for $400, as a settlement and satisfaction for the wife and child's separate maintenance until the maturity of the note. There was evidence that the agreement was drawn by a lawyer in the wife's presence, who read and approved it. The wife testified that she did not understand that it

was a separation agreement, and the lawyer was not called as a witness. Evidence was conflicting whether the $100 had been paid until the separate maintenance suit was brought and there was evidence that the wife repudiated the agreement and sought to resume marital relations. *Held*, a decree awarding separate maintenance should be sustained.

3. HUSBAND AND WIFE—*alimony*. A decree in separate maintenance may order that alimony be paid to the wife or to her solicitor for her.

4. HUSBAND AND WIFE—*custody of child*. It is proper in separate maintenance, to award the custody of a young child to the mother, where the child had been living with its mother since the separation and was cared for by her and the father had refused to assist in its care and the mother had a home and the father did not have a home.

Bill for separate maintenance. Appeal from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed June 27, 1912.

ROBERT W. OLMSTED, for appellant.

McDOUGALL & CHAPMAN, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

On January 24, 1911, Lizzie Becket filed a bill in the Circuit Court of La Salle county against her husband, George Becket, for separate maintenance. The bill charged that they were married in September, 1901; that there were born to them, three children; that on March 9, 1906, the defendant deserted her without cause or provocation, saying that he would "never live with her again," since which time she has cared for and supported the oldest child; that after said abandonment he filed a bill for divorce in the Circuit Court of Rock Island county; and during its pendency, on order of court, paid her $15 per month until the suit was dismissed, since which time he has refused to con- tribute towards the support of her or the child, although abundantly able to do so; that she has sup-

ported herself and child by washing and other manual labor. He answered the bill, admitting the marriage, the birth of the children, the separation, the commencement of the suit for divorce and the payment of the $15 per month and his ability to support his family, but denying that the desertion was without cause; and he charged that on March 9, 1906, they entered into a written agreement to live separately and made a satisfactory division of their property, which had been fully performed. She filed a replication, the proofs were heard and the court found that he deserted her without cause and has since refused to live with her, and since May, 1910, failed to contribute means of support for herself and child; that he was able to care for them, and ordered that she have the custody of the child until the further order of the court; that she was entitled to separate maintenance; that she be allowed $15 per month from the date of the decree, and that it be paid to her or to her solicitor for her.

Neither the bill nor the decree used the exact language of section 22, chapter 68, Hurd's R. S., in stating the ground for separate maintenance, but it does charge that defendant deserted complainant without cause and declared that he would "never live with her again," and the decree finds the same to be true. We are of the opinion that the bill sufficiently alleged that she was living separate and apart from her husband without her fault, and that the language used is adequate to warrant a decree of separation if supported by the evidence.

Appellant contends that the court erred in decreeing that appellant pay alimony to appellee or her solicitor for her, and cites Anderson v. Steger, 173 Ill. 118 in support of such contention. In that case the court found the amount due the attorney for the complainant and ordered the defendant to pay such sum to the clerk of the court for the attorney. The court said that was error, and that "any motion for allowance under the statute must be in her name, and the

allowance is to be made to her, and not to the party whom she employs. * * * The right being in her, the decree of the Circuit Court should not, in any event, have been in favor of her solicitor, but should have followed the statute and required the money to be paid to her or to the clerk for her use.'' In using the above language, the court was not quoting the words of the statute, but the meaning reasonably drawn therefrom, that is, that the alimony decreed must have been either paid to her or to some one for her. Such was the order for the payment of alimony in this case, and, in our opinion, not in violation of the statute.

It is insisted by counsel that if the articles of separation were fairly obtained and fully performed, then appellee would be barred. Granting that such is the law, does the evidence show that the articles were fairly obtained and fully performed? The agreement relied on recited that they had agreed to live separately and divided their property satisfactorily and arranged for the care of the children and provided that he was to pay complainant $100 in cash and give her a note for $400 due on June 1, 1908, with interest at four per cent. as a settlement of her rights in his estate as satisfaction for the separate maintenance of herself and child from that time to June 1, 1908. The proof shows that after they were married they went to live with his father and mother and that there was trouble between appellee and appellant's parents and with appellant. She had gone to her sister's house after he had said that she should get out of the house or he would throw her out. When she went, she told him she was coming back, but he packed her clothes and took them to her sister's. Appellant testified that the agreement was drawn by a lawyer in appellee's presence. She denied that she was present and the lawyer was not called as a witness. Appellant testified that he took the agreement to her; that it was read over and approved. She testified that she did not understand that it was an agreement to live separately. He

testified that he paid her $100.00 then. She denied this. He testified that he brought her clothes that she had previously picked out. She denied this. After the agreement was signed, he went back to his father's house and then left. At the time appellee signed the paper she had a baby not many days old, and as the weather was cold she could not take the baby out and so could not return, but shortly thereafter she did return to his father's house. His father objected, and she remained there but a short time. Then appellant rented a small house, procured a small amount of furniture and for a time paid her a small amount of money per month and then quit altogether. After appellant obtained appellee's signature to the agreement he went to Rock Island. She, learning of his whereabouts, wrote to him and asked him to come back and live with her, but he wrote her that he would not. He sent this letter to Lincoln, Nebraska, and there had it remailed, evidently to conceal his place of residence. The note was dated March 9, 1906, and due June 1, 1908. This suit was begun January 24, 1911. He did not pay the note, except perhaps some interest, until after the commencement of this suit. It will be observed that the testimony relating to the execution of the agreement and its performance is sharply conflicting, and it must be remembered that the chancellor had the parties before him and heard them testify and was able to judge of their truthfulness, and if he believed appellee's evidence he could reasonably find that the articles of separation were not fairly obtained and not fully performed and that she had a right to repudiate them and seek to resume the marital relations with her husband; that she made such an attempt, and that he refused to again live with her.

It is urged that the court erred in granting the custody of the child to appellee. The supposed agreement provided that appellee should care for the youngest child. That child died. The child whose custody

was decreed to appellee was the oldest child. The bill alleged and the evidence shows that this child had been living with appellee from the time of the separation and was cared for by her; and that appellant refused to assist in its care. He did not want the child. She was a young girl and needed the care of some suitable person. Appellant had no home. Appellee had. She was the mother, and the evidence shows that the welfare of the child would be best subserved in the mother's care. Moreover, one of the causes of chancery jurisdiction is the care of dependent children. Clearly the court did not err in awarding the custody of the child to appellee.

Finding no reversible error in the record, the decree of the trial court is affirmed.

*Affirmed.*